484 Pa. 175 (1979)
398 A.2d 1001
COMMONWEALTH of Pennsylvania
v.
JOINT BARGAINING COMMITTEE FOR the PENNSYLVANIA SOCIAL SERVICES UNION and Pennsylvania Employment Security Employees' Association, Locals 668 and 675 of the Service Employees International Union, AFL-CIO and Pennsylvania Social Services Union Local 668 of the Service Employees International Union, AFL-CIO, 2903 A. North Seventh Street, Harrisburg, Pennsylvania and Edward Purcell, Executive Director of Pennsylvania Social Services Union, Local 668 of the Service Employees International Union AFL-CIO, 2903 A. North Seventh Street, Harrisburg, Pennsylvania and Margaret Bears, President of Pennsylvania Social Services Union, Local 668 of the Service Employees International Union, AFL-CIO, 2903 A. North Seventh Street Harrisburg, Pennsylvania and All Employees of the Department of Public Welfare who are members of the bargaining unit certified by the Pennsylvania Labor Relations Board in Case No. PERA-R-1278-C, Individually and Collectively and All Other Persons acting in concert with the defendants, Individually and Collectively, or otherwise participating in their aid, Appellants.
Supreme Court of Pennsylvania.
Argued November 13, 1979.
Decided March 16, 1979.
*176 Stephen A. Sheller, Bruce M. Ludwig, Philadelphia, for appellant.
Michael H. Small, Asst. Atty. Gen., Middletown, for appellees.
Before EAGEN, C.J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

*177 OPINION OF THE COURT
O'BRIEN, Justice.
Appellee, the Commonwealth of Pennsylvania, filed a complaint in equity in Commonwealth Court against appellants, the Joint Bargaining Committee for the Pennsylvania Social Services Union and Pennsylvania Employment Security Employees' Association, Locals 668 and 675 of the Service Employees' International Union, AFL-CIO (hereafter Union) and certain union officials. The Commonwealth sought to enjoin the Union from engaging in work stoppages during the pendency of certain statutorily prescribed negotiations.[1] Commonwealth Court granted an injunction and this appeal followed.[2]
Subsequent to the filing of this appeal, the Commonwealth filed a motion to dismiss the appeal as moot. The Union filed an answer and new matter to a motion to dismiss. The basis of the Commonwealth's motion to dismiss is that after Commonwealth Court issued its junction, the parties completed factfinding and entered into Revised Articles of Agreement effective December 22, 1976. It is the Commonwealth's position that the signing of the new contract has rendered the instant appeal moot. We agree.
In Scranton School Dist. v. Scranton Fed. of Teachers, 445 Pa. 155, 282 A.2d 235 (1971), this Court in a per curiam order stated:
"On December 21, 1970, the Scranton Federation of Teachers Local No. 1147 commenced a strike against the Scranton School District in support of wage and contract *178 demands. The Court of Common Pleas of Lackawanna County subsequently issued a preliminary injunction on January 18, 1971, prohibiting any continuation of the strike and this appeal was filed. Since oral argument before this Court on April 27, 1971, it has been brought to our attention that a collective bargaining agreement was executed by the parties on July 15, 1971. That agreement has resolved the controversy and renders this appeal moot. Taylor Fibre Co. v. Textile Workers Union of America, 395 Pa. 535, 151 A.2d 79 (1959); Glen Alden Coal Co. v. Anthracite Miners of America, 319 Pa. 192, 179 A. 446 (1935). See also, Samoff v. Int'l Ass'n of Machinists District Lodge No. 1, 420 F.2d 952 (3d Cir. 1969), cert. denied 398 U.S. 965, 90 S.Ct. 2171, 26 L.Ed.2d 548 (1970). The appeal is therefore dismissed without prejudice, each party to pay its own costs."
In the answer to the motion to dismiss, the Union first argues that the appeal is not moot because of possible collateral effects from disciplinary reprimands placed in the employment files of "several members" of the Union who participated in the work stoppages. The Union's second argument is that even assuming mootness, this Court should hear the case under the exceptions to the mootness doctrine. See Wiest v. Mt. Lebanon S. Dist., 457 Pa. 166, 320 A.2d 362 (1974). We will discuss the arguments seriatim.

I. Collateral Effects.
The Union argues the following facts are sufficient to negate a finding of mootness.
On September 1, 1976, subsequent to the August 9, 1976, injunction, the Commonwealth, through its Department of Welfare, issued reprimands and suspensions to several employees. The above disciplinary actions were then processed through the grievance procedures provided for in the contract. Ultimately the disciplinary actions were submitted to arbitration. The arbitrator reduced the five-day suspension to three days and the three days to a one-day suspension. The arbitrator's order is a final order. No appeal was taken.
*179 The arbitrator's order being final, the resolution of the merits of this case, i.e. the propriety of the injunction, could not affect the disciplinary action. See Pa. Labor Relations Bd. v. Com. of Pa., 478 Pa. 582, 387 A.2d 475 (1978).

II. Exceptions to Mootness.
The Union further argues that this case constitutes an exception to the mootness doctrine. We do not agree.
A case that is technically moot may be decided on its merits if it involves a question that is capable of repetition but likely to evade review if the normal rules on mootness are applied. Wiest v. Mt. Lebanon S. Dist., 457 Pa. 166, 320 A.2d 362 (1974), cert. denied, 419 U.S. 967, 95 S.Ct. 231, 42 L.Ed.2d 183 (1974); Stottlemyer v. Stottlemyer, 458 Pa. 503, 329 A.2d 892 (1974).
We refuse to speculate that that issue in this case will be raised in the future and unless decided today will escape appellate review.
Motion to dismiss appeal as moot is granted.
This appeal dismissed as moot.
POMEROY, former J., took no part in the decision of this case.
MANDERINO, J., files a dissenting opinion.
MANDERINO, Justice, dissenting.
I Dissent. The issues raised are not moot because they are likely to arise again and would continue therefore to escape appellate review. Appeal of Cumberland Valley School District, 483 Pa. 134, 394 A.2d 946 (1979); Wiest v. Mt. Lebanon School District, 457 Pa. 166, 320 A.2d 362 (1974), cert. denied, 419 U.S. 967, 95 S.Ct. 231, 42 L.Ed.2d 183 (1974); Stottlemyer v. Stottlemyer, 458 Pa. 503, 329 A.2d 892 (1974).
NOTES
[1] The case was brought in Commonwealth Court pursuant to the Judicial Code Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 761 (formerly the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401, 17 P.S. § 211.401), which gives that court original jurisdiction over civil actions brought by the Commonwealth.
[2] Appellants appeal pursuant to the Judicial Code, § 723 (formerly art. II, § 203 of the Appellate Court Jurisdiction Act, 17 P.S. § 211.203), under which decisions of the Commonwealth Court in cases that originate in that court are appealable to this court as a matter of right.