Philip V. Mattes and Mark B. Phillips, on behalf of themselves and others similarly situated, Petitioners *v.* Commonwealth of Pennsylvania, William R. Muir, Jr., in his official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania et al., Respondents.

Argued September 11, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Roger Mattes,* with him, *Philip V. Mattes, Raymond W. Ferrario* and *Robert A. Burke, Mattes, Mattes & Mattes, P.C.,* for petitioners.

*Hannah Leavitt,* Chief of Litigation, and *Paul Laskow,* Chief Counsel, for respondent, Insurance Department.

*Jeffrey A. Less,* with him, *A. Richard Feldman, Bazelon, Less & Price,* for respondent, The Insurance Federation of Pennsylvania, Inc.

*Jered L. Hock, Metzger, Wickersham, Knauss & Erb,* for respondent, Balboa Insurance Company.

*H. Lee Roussel,* with him, *Jeffrey B. Clay, McNees, Wallace & Nurick,* for respondents, Seven (7) insurance companies.

*James J. McCabe,* with him, *Jane Dalton Elliott* and *David E. Loder, Duane, Morris & Heckscher,* for respondents, 234 insurance companies.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 27, 1985:

The Commonwealth, the Insurance Federation of Pennsylvania, Inc. (Federation), and 239 defendant insurance companies[1] preliminarily object to the class action brought in this Court's original jurisdiction by Philip V. Mattes and Mark B. Phillips.

In *Hartford Accident and Indemnity Co. v. Insurance Commissioner,* 505 Pa. 571, 482 A.2d 542 (1984), a decision resulting from administrative proceedings instituted by Mattes, our Supreme Court held that sex-based rating of automobile insurance violates the statutory prohibition against "unfairly discriminatory" rates[2] and upheld this Court's affirmance of the

---

[1] Of the 490 entities named as defendants, 243 have been dismissed by consent of the parties and eight have entered into partial consent decrees.

[2] Section 3(d) of the Casualty and Surety Rate Regulatory Act, Act of June 11, 1947, P.L. 538, *as amended,* 40 P.S. §1183(d).

Insurance Commissioner's order. That order directed that the automobile insurance rating plan of Hartford Accident and Indemnity Company, insofar as it contained sexual classifications, would no longer be effective in one year. Thereafter, the Commissioner issued a policy statement directing the insurance companies to file, for his review, sex neutral rating plans with effective dates of no later than January 1, 1986.[3] Shortly before the policy was announced, Mattes and Phillips brought the instant class action requesting this Court to order (1) the insurance companies to file sex neutral rates, (2) that the rates be retroactive to July 2, 1978 and that the insurance companies refund all premiums paid since that date by the class of youthful male operators in excess of those paid by female operators of the same age and (3) the Commissioner to enforce *Hartford* by processing and approving the requested retroactive rate filings.

The Commonwealth contends that this Court has no jurisdiction over the complaint because the Commissioner is statutorily vested with exclusive and/or primary jurisdiction over challenges to rate filings under Section 5 of the Casualty and Surety Rate Regulatory Act.[4] However, the complaint did not challenge specific rate filings but invoked this Court's original jurisdiction seeking to compel the Commissioner's enforcement of *Hartford*. When the complaint was filed, such an action was cognizable. However, since that time, the Commissioner has acted to enforce the *Hartford* decision through the directives in his Statement of Policy, thus rendering the request for enforcement moot. This action must therefore be dismissed. *See Commonwealth v. Joint Bargaining Committee for the Pennsylvania Social Services Union*, 484 Pa. 175, 398

---

[3] 31 Pa. Code §65.31-36.
[4] 40 P.S. §1185.

A.2d 1001 (1979). If Mattes and Phillips challenge the *adequacy* of the Commissioner's directives, or assert pendant claims against the insurance companies or Federation, they should appeal the Statement of Policy and/or assert private contractual claims in common pleas court.

We sustain the preliminary objections and dismiss the complaint.

### ORDER

The preliminary objections filed by the Commonwealth, the Insurance Federation of Pennsylvania, Inc., and the remaining 239 defendant insurance companies are sustained and the complaint of Philip V. Mattes and Mark B. Phillips is dismissed.