523 A.2d 1183

Wilkes-Barre Area Education Association, an unincorporated association, et al., Appellants *v.* Wilkes-Barre Area School District of Luzerne County, Pennsylvania, Appellee.

166

Argued September 10, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*John G. Whelley, Jr.,* with him, *Robert D. Schaub, Rosenn, Jenkins & Greenwald,* for appellants.

*Charles N. Sweet,* with him, *Paul L. Stevens, Curtin and Heefner,* and *Anthony J. Lupas,* for appellee.

OPINION BY JUDGE BARRY, April 6, 1987:

The Wilkes-Barre Area Education Association (Association) appeals the issuance of an injunction by the

Court of Common Pleas of Luzerne County prohibiting further selective strikes against the Wilkes-Barre Area School District (District).

The collective bargaining agreement between the Association and the District expired on August 31, 1984. After several attempts to reach a new agreement failed, a series of selective strikes were called by the Association. The parties agree that the strikes in question involved the following dates and times:

November 1, 1984—all day;

November 19, 1984—two hours at the beginning of the day;

November 21, 1984—thirty minutes at the beginning of the day;

December 4, 1984—ten minutes in the afternoon at the end of the school day;

December 5, 1984—ten minutes at the beginning of the day;

December 13, 1984—ten minutes at the beginning of the day;

December 17, 1984—five minutes at the beginning of the day.

The court found that the Association notified the District of all the strikes, except the first one, by 8:00 p.m. on the evening prior to each strike. On November 20, 1984, the School Board adopted a resolution stating that any partial or selective strike would be considered a full strike and would result in the closing of all schools for the entire day. This did, in fact, result in the closing of all district schools on November 21, December 5, 13 and 17. Schools remained open on November 19 (the day before the resolution was passed) and on December 4 when a ten minute strike took place at the end of the school day. In summarizing the total strike activity we note that there were five days (including November 1) during which the schools were closed for the entire day;

a two hour strike at the beginning of a day; and, a ten minute strike at the end of a day.

On December 18, 1984, the District filed a petition seeking a preliminary injunction. On February 22, 1985, at the conclusion of a very extensive hearing, the trial court issued an order enjoining the Association from engaging in further selective strikes. The court later denied a motion for a stay pending appeal. In the meantime the Association filed a timely appeal to this Court along with a motion for an expedited hearing and summary reversal. The motion was denied on April 3, 1985. The following day this Court issued a second order listing for argument the District's motion to quash the appeal at the same time as argument on the merits.

We begin our review by addressing the merits of the District's motion, which is based on the assertion that the injunction issued by the trial court was final rather than preliminary. The District essentially argues that this appeal should be quashed because the Association did not file a motion for post trial relief prior to filing this appeal. Although the District correctly notes that in *Humphreys v. Cain*, 84 Pa. Commonwealth Ct. 222, 474 A.2d 353 (1984), we held that Pa. R.A.P. 311(a)(4) which permits interlocutory appeals as of right is applicable only to *preliminary* injunctions, we cannot agree that this was a final injunction. The petition filed by the District clearly sought what it designated as a special injunction and there was no discussion during the hearing or any other time that the relief granted should be final rather than preliminary. We are unconvinced by the District's argument that the injunction must be considered final because it was issued after a full and exhaustive hearing and was based on the merits of the controversy. In *School District of Pittsburgh v. Pittsburgh Federation of Teachers*, 486 Pa. 365, 373, 406

A.2d 324, 328 (1979), our Supreme Court expressly rejected similar reasoning and specifically stated:

> Although the hearing which took place prior to issuance of the preliminary injunction was a lengthy hearing, that fact is totally irrelevant in determining whether appellants are entitled to a final hearing. Appellants *were never given notice* that the hearing being conducted was to be a final hearing. There was no agreement between the parties that it was to be a final hearing. Without proper notice and in the absence of an agreement a hearing scheduled to consider the propriety of issuing a preliminary injunction cannot be considered later to have been a final hearing. (Emphasis in original.)

We conclude that this appeal is properly before us. However, we do not find that the motion to dismiss was pursued in bad faith and, therefore, we will not, as requested, assess costs and attorney's fees against the District.

Next, we note that although this case is technically moot, we will not dismiss it on that ground because it clearly "involves a question that is capable of repetition but likely to evade review if the normal rules on mootness are applied." *Commonwealth v. Joint Bargaining Committee for the Pennsylvania Social Services Union*, 484 Pa. 175, 179, 398 A.2d 1001, 1003 (1979).

In reviewing the merits of this appeal our scope is limited to a determination of whether any apparently reasonable grounds existed in support of the relief granted by the trial court and, unless it is plain that no such grounds existed or that the rules of law relied upon were palpably wrong or clearly inapplicable, we must affirm. *Bristol Township Education Association v. School District of Bristol Township*, 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974).

Under Section 301(9) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.301(9), a strike is defined as:

> [C]oncerted action in failing to report for duty, the wilful absence from one's position, the stoppage of work, slowdown, or the abstinence *in whole or in part* from the full, faithful and proper performance of the duties of employment for the purpose of inducing, influencing or coercing a change in the conditions or compensation or the rights, privileges, or obligations of employment. (Emphasis added.)

The trial court properly concluded that the selective strikes which are at issue in this case come within the purview of this legislation and may be enjoined only if they create a clear and present danger or threat to the health, safety and welfare of the public. 43 P.S. §1101.1003. However, the trial court erred in its determination that the strikes did, in fact, present a threat to the health, safety and welfare of the public.

Out of the thirty-one findings made by the trial court, the following may be arguably cited as possible grounds for the injunction:

> 22. That selective strikes for an extended period, (1 or 2 hours), cannot be made up educationally.
>
> . . . .
>
> 24. The Court finds, from the preponderance of the evidence, that handicapped and mentally retarded students are unfavorably impacted, especially with extended selective strikes.
>
> 25. That the cost of making bus re-runs for the public and non-public students because of the selective strikes, will be expenses [sic] to the District.

26. That selective strikes would usurp the District's prerogative of operating and managing the schools, contrary to Article XXII of The Collective Bargaining Agreement.

27. That for the Association to have the prerogative to call selective strikes every day upon the terms the Committee elects, would not only disrupt the District, but would also be injurious to the students' educational needs.

28. That for the District to adjust the educational schedules to meet the Association's needs for the selective strikes, would be confusing not only to the District, but to the students and also to the parents.

. . . .

30. That selective strikes as proposed by the Association are disruptive to the determination and administration of the Wilkes-Barre Area School District.

31. That selective strikes as proposed by the Association present a threat to the health, safety and welfare of the public.

As long as there is any evidence in the record supporting them, these findings are binding upon us even though they may be contrary to a preponderance of the testimony. *Ross v. Philadelphia Federation of Teachers*, 8 Pa. Commonwealth Ct. 204, 301 A.2d 405 (1973). However, the court's conclusions, whether of law or ultimate fact, are reviewable by this Court. *Id.* at 211, 301 A.2d at 409. Having carefully reviewed the record consistent with our scope of review, we conclude that none of the court's findings support its conclusion that reasonable grounds for issuing an injunction existed.

In Finding of Fact No. 22 the court found that short periods of time lost during selective strikes could not be

made up. We certainly appreciate the court's concern with respect to lost educational time which cannot be made up during the remainder of the school year. However, we cannot accept as reasonable its conclusion that a loss of two hours and ten minutes (the court's finding does not apply to the additional five days lost due to the strike because those lost instructional days can be clearly made up as in any other type of strike) would present a threat to the health, safety and welfare of the students. We stated in *Ross* that it is not prudent for this Court to designate the exact number of days at which point the lost instructional time will produce such threat. Each case is to be decided on its own particular facts. The facts of this case are simply insufficient to establish as a matter of law a threat to the health, safety and welfare of the public for this reason.

We are also unable to accept Finding of Fact No. 26 as a reasonable ground supporting the court's decision. Any strike, to a certain extent, usurps the school district's prerogative of operating and managing its schools. But the legislature simply does not permit the issuance of injunctions based on that ground. If that were the case, the undoubted statutory right to strike would have very little meaning to public school teachers. The confusion, disruption and added costs of transportation discussed in Findings of Fact No. 25, 27, 28 and 30 are inconveniences inherent in the very nature of any strike and they are clearly not proper grounds for enjoining this particular strike. *Armstrong School District v. Armstrong Education Association,* 5 Pa. Commonwealth Ct. 378, 291 A.2d 120 (1972).

The rest of the findings are all premised on the assumption that the strike will go on for an extended period of time and that, contrary to the School Board's resolution, the District will not close the schools for the entire day but will allow the selective strikes to take place

as called by the Association. These findings cannot support the grant of the injunction because they are not based on the facts as they existed at the time the injunction was sought or issued but are based on the *trial court's prediction of what lies in the future.* In *Armstrong* we stated:

> [T]he proper purpose of an injunction under Act No. 195 is to avert present danger, not to prevent danger which may never occur at all or which can only occur, if it does occur, at some future time before which the grievances concerned can reasonably be expected to be settled.

*Id.* at 387, 291 A.2d at 125.

The District cautions us to note that the trial court's decision is based on the conclusion that there was a *threat* to the health, safety and welfare of the students rather than the existence of a clear and present danger. Although in *Ross* we did recognize that these are two separate grounds upon which an injunction may be issued, we do not believe this permits the trial court to base an injunction merely on its prediction of the future. As Judge BLATT pointed out in *Ross* (Dissenting Opinion), "the words 'clear and present' as used here, must be understood to modify both the word 'danger' and the word 'threat' and one must be as 'clear and present' as the other." *Id.* at 223, 301 A.2d at 414.

For the above stated reasons, we hold that given the facts available to the trial court at the time it issued the injunction, no reasonable grounds existed on which it could have based a conclusion that the strike activity taking place posed a threat to the health, safety or welfare of the public. As we recognized in *Armstrong,* however, this is not to say that these same facts aggravated by some unexpected circumstance or continued for such a period of time could not reach the point where a threat would, in fact, be present.

Reversed.[1]

ORDER

NOW, April 6, 1987, the order of the Court of Common Pleas of Luzerne County entered February 25, 1985, at Nos. 131-E and 132-E of 1984, is reversed.

[1] We reject, under these facts, the District's argument that the strike violated the right to education guaranteed to all handicapped children under Section 1 of the Education of the Handicapped Act, Pub. L. 91-230, 20 U.S.C. §1401.

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

I strongly disagree with the majority's conclusion that a series of selective strikes does not present a clear and present danger to the health, safety and welfare of the students.

The danger lies in requiring the students to attend school each morning with the unreasonable expectation that they will receive a full day of supervised continuous instruction and care. We are presented here with frequent, unscheduled interruptions of the educational system during a student's formative years. I would not hazard the safety and well-being of our children to a school district that could not insure against the risk of abandonment by teachers during the day.

It is not the aggregate loss of instructional days that I find most vexing here. Nor is the purpose of this dissent an attempt to usurp the statutory right of a public school teacher to strike. It is the unpredictability of a strike during a school day that I seek to guard against.

I would therefore affirm the trial court's order enjoining the Association from engaging in further selective strikes.

Judges MACPHAIL and COLINS join in this dissent.