8 A.3d 300

## ASSOCIATION OF PENNSYLVANIA STATE COLLEGE AND UNIVERSITY FACULTIES, Appellee

v.

## PENNSYLVANIA LABOR RELATIONS BOARD, Appellant.

Pennsylvania State System of Higher Education, Intervenor.

Supreme Court of Pennsylvania.

Argued Dec. 2, 2009.

Decided Nov. 17, 2010.

462

John Best Neurohr, Esq., Carolyn M. Sargent, Esq., PA Labor Relations Bd. for Pennsylvania Labor Relations Bd.

James L. Cowden, Esq., Jennifer Anne Nachamkin, Esq., Strokoff & Cowden, P.C., Harrisburg, for Ass'n of Pennsylvania State College and University Faculties.

Robert E. Durrant, Esq., Law Offices of Joseph M. Ghabour, P.C.; Vicki Linn Beatty, Esq., Campbell Durrant Beatty Palombo & Miller, P.C., Pittsburgh, for Pennsylvania State System of Higher Educ., Intervenor.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## OPINION

Chief Justice CASTILLE.*

The Commonwealth Court's decision below reversed an order by appellant, the Pennsylvania Labor Relations Board (the "Board"), which dismissed a charge of unfair labor practices as moot. We now hold that the Commonwealth Court erred, and reinstate the Board's order.

On June 25, 2007, during negotiations for a successor collective bargaining agreement with the Pennsylvania State System of Higher Education ("PASSHE"), appellee Association of Pennsylvania State College and University Faculties (the "Association") filed a charge of unfair practices against PASSHE with the Board. The Association alleged that PASSHE had violated subsections 1201(a)(1), (3), and (5) of the Public Employe Relations Act ("PERA")[1] when it notified employ-

---

* This matter was re-assigned to this author.

1. Public Employe Relations Act, Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§ 1101.101–1101.2301. Section 1201(a) of the Act provides, in relevant part:

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act [relating to employe rights to organize and engage in lawful concerted activities];

\* \* \* \*

(3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization;

\* \* \* \*

ees: 1) that it would terminate health care and other benefits to employees with summer school assignments if they went on strike; 2) that faculty members who failed to report for a summer school class would be "considered to be on strike" and have their classes canceled and pay and benefits stopped; and 3) that faculty members who failed to report for a summer school class would forfeit pay for the entire summer school course, including pay for classes already taught. The Association claimed that under the collective bargaining agreement between the parties, summer benefits are earned by working the nine-month academic year (not by working summer school), and PASSHE's threats unilaterally changed the terms and conditions of employment by abrogating the sick leave and other leave provisions of the collective bargaining agreement, as well as the right to be paid for work performed. The Association sought a restraining order against PASSHE, claiming an unfair practice.

On July 2, 2007, before the Board could respond to the Association's charge, the parties reached tentative agreement on the successor contract they had been negotiating.[2] Nonetheless, on August 23, 2007, the Association wrote to the Board and asked that it continue to process the charge against PASSHE because "the employer conduct complained of in the unfair practice charge is likely to recur in subsequent negotiations" and "there will be value to the parties in litigating the issues raised in the charge." On October 26, 2007, the Association again wrote to the Board and requested that it issue a complaint and set a hearing date on the alleged illegal employer conduct, because that conduct "is likely to recur in subsequent negotiations."

On November 2, 2007, the Board informed the Association that no complaint would be issued and that the unfair practice

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.
43 P.S. § 1101.1201(a).

**2.** The new contract apparently has a four-year term. Appellant's Brief at 7.

charge would be dismissed. The Board indicated that the Association failed to state a cause of action under Section 1201(a)(3) of PERA, and that its claims under Sections 1201(a)(1) and (5) were moot because the parties had ratified a successor agreement. The Association filed a timely statement of exceptions, specifically complaining about the Board's decision to dismiss the charges under subsections (1) and (5) as moot.

Upon consideration of the Association's exceptions, the Board issued its final order on December 18, 2007. The Board adverted to prior decisions where it had dismissed unfair practices charges as moot, where the parties had resolved the issues forming the basis for the charge through bargaining and a subsequent contract. Final Order dated December 18, 2007, at 2 (citing *AFSCME Dist. Council 33 v. City of Philadelphia*, 36 PPER 95 (2005); *Temple Ass'n of Univ. Professionals, Local AFT v. Temple Univ.*, 25 PPER 25121 (1994)). The Board stated further that the Association had "failed to demonstrate that its Charge raises an issue of public importance," or that "the underlying situation presented here is one that is capable of repetition but likely to evade review." The Board refused to "speculate as to whether [PASSHE] will make the same alleged threats" in the future, and opined that " 'continued litigation over past allegations of misconduct which have no present effects unwisely focuses the parties' attention on a divisive past rather than a cooperative future.' " *Id.* (*quoting from Medical Rescue Team S. Auth. v. Ass'n of Prof'l Emergency Med. Technicians*, 30 PPER 30063 (Final Order 1999)).

The Association appealed to the Commonwealth Court, arguing that the Board erred as a matter of law and acted "arbitrarily or capriciously" in dismissing the unfair practices charge as moot. The Association claimed that the issues involved herein were "of great public importance and likely to recur, yet evade review," adverting to well-established exceptions to the general rule that moot matters should not be decided. In response, the Board insisted that it did not abuse

its discretion in dismissing the moot charge against PASSHE, and that no exception to the mootness doctrine applied.

In its opinion, the Commonwealth Court acknowledged that it was "acutely aware of the discretionary nature of the Board's decision regarding issuance of a complaint on an unfair labor practices charge and the correspondingly limited nature of [its own] review." *Association of Pa. State College & Univ. Faculties v. Pa. Labor Relations Bd.*, 962 A.2d 709, 714–15 (Pa.Cmwlth.2008) (citing *Pennsylvania Soc. Servs. Union, Local 668 v. Pennsylvania Labor Relations Board*, 481 Pa. 81, 392 A.2d 256 (1978)). But, the court concluded that "the Board's refusal to issue a complaint, to exercise its exclusive jurisdiction and to decide the Union's unfair labor practice charge is manifestly unreasonable and consequently must be deemed an abuse of discretion." *Id.* at 717–18. The court determined that the Board has an improper, "acknowledged policy to effectively eliminate long-recognized exceptions to the ordinary rules of mootness, thereby allowing the complained of conduct to continue indefinitely." *Id.* at 717. The court held that the parties' dispute—though moot—was capable of repetition yet likely to evade review, reversed the Board's Final Order and remanded the matter to the Board for further proceedings. *Id.* at 718.

The Board filed a petition for allowance of appeal, which this Court granted, limited to the following rephrased issue:

Whether settlement of collective bargaining negotiations renders charges raised by Union members against [an employer] prior to the settlement automatically moot.

*Association of Pa. State College & Univ. Faculties v. Pa. Labor Relations Bd.*, 602 Pa. 195, 979 A.2d 839 (2009).[3]

3. The Dissent objects that we have not answered the question as rephrased in our grant of review. Dissenting Op. at 308. But, the issue actually in dispute is more nuanced. There can be no question that the Association's complaint was moot; the actual dispute concerns whether an exception to the mootness doctrine was proved, and the propriety of the Board's response to the Association's claim that a mootness exception applied. In resolving this actual dispute, we have fully considered the record and the parties' positions (both here and below), including the Association's "automatically moot" argument,

In its brief to this Court, the Board argues that the Commonwealth Court's decision is contrary to well-established law that issuance of a PERA complaint is within the Board's discretion, and that the Commonwealth Court's scope and standard of review of its decision is very narrow. The Board asserts that the Commonwealth Court improperly substituted its own judgment for that of the Board, and "usurped the discretionary authority of the Board in deciding that the Board must issue a complaint on an unfair practice charge that the charging party itself concedes is moot." Appellant's Brief at 16. According to the Board, the Commonwealth Court itself has previously declared that the Board "cannot be found to have abused its discretion by relying upon its own established precedent." *Id.* at 17 (quoting from *Pennsylvania State Park Officers Ass'n v. Pa. Labor Relations Bd.*, 854 A.2d 674, 688 (Pa.Cmwlth.2004)).

The Board further claims that the Association "failed to allege in this case that the employes were subject to any present effects from [PASSHE's] alleged threat to withhold pay and benefits if employes participated in a strike." Appellant's Brief at 18. Thus, the Board concludes, it would not serve the parties' or the public interest to issue a complaint in this case. Accordingly, the Commonwealth Court improperly rejected the Board's policy determination that parties who have resolved their differences through negotiation of a new collective bargaining agreement should focus on the future, rather than on past differences that have no present effects. Finally, the Board acknowledges that it may—in appropriate circumstances—decide to issue a complaint in a moot matter, but that decision falls within its discretion. In this case, where the Association has failed to demonstrate that relevant exceptions to the mootness doctrine existed, the Board argues that it did not abuse its discretion in declining to issue a complaint, citing *Commonwealth v. Joint Bargaining Comm.*, 484 Pa. 175, 398 A.2d 1001 (1979) (parties' subsequent negotia-

which is better understood as a claim that the Board's response to its claimed exception effectively amounted to "a blanket" or "automatic" rule that moot issues remain moot in cases where the parties have reached a new labor agreement.

tion of new collective bargaining agreement mooted unfair practices charge and this Court refused to speculate about whether issue would be raised in future and, unless decided now, escape appellate review).

In response, the Association argues that the Board improperly applies a "mootness policy" such that settlement of the parties' dispute through negotiation of a new agreement always "renders charges raised prior to settlement automatically moot." Appellee's Brief at 6. According to the Association, this "blanket rule" ignores well-established law that even moot cases may be decided if the issue is "capable of repetition, yet apt to evade review." *Id.* at 6–7.[4] The Association argues that the Board's "adoption of such a general rule permitting no exceptions is not in the public interest and will not advance the purposes" of PERA. Appellee's Brief at 9. According to the Association, PASSHE's conduct in this case was clearly illegal, and the Board's role under PERA includes addressing and preventing such illegal conduct. By applying an automatic policy of dismissing moot charges, the Association argues, the Board fails in its mission to prevent unfair practices, and those practices will always "evade review."

4. In this appeal, the Association no longer argues that its moot charge against PASSHE should have been pursued by the Board because it was also a matter of great public importance. As noted above, the Association did make this additional argument before the Commonwealth Court, but the Commonwealth Court's decision was clearly based only on the theory that the matter was capable of repetition yet evading review. 962 A.2d at 717. However, in its brief to this Court, the Association nonetheless cites to *Jersey Shore Area Sch. Dist. v. Jersey Shore Educ. Ass'n*, 519 Pa. 398, 548 A.2d 1202 (1988), as support for its position that the Board should have issued a complaint. In *Jersey Shore*, this Court considered a moot labor matter in part because it was one of "important public interest." *Id.* at 1204. Even if we assume that the citation to *Jersey Shore* was intended to place the "public importance" exception before us in the absence of developed argumentation, we note that the teachers' strike at issue in *Jersey Shore* had allegedly imperiled the school district's ability to meet a state-mandated minimum of 180 days of instruction for public kindergarten, elementary and secondary school pupils. That circumstance is distinguishable from the instant case where the dispute, though important to the parties, does not appear necessarily to have the same broad public import and immediacy.

The Association further claims that only "a legal adjudication that the employer acted illegally in conveying a threat is likely to assuage the fear" that employees will be punished if they strike. Appellee's Brief at 18. Finally, the Association insists that the Board is not vested with "the authority to decide what is and is not sound public policy." Appellee's Brief at 17. Instead, the Board must effect the procedures in PERA to protect the rights of the public employee, the public employer and the public at large.

 This Court has repeatedly held that the decision of whether or not to issue a complaint regarding alleged violations of PERA is within the sound discretion of the Board, and is reviewable only for an abuse of that discretion. *See, e.g., Pennsylvania Soc. Servs. Union,* 392 A.2d at 259–60.

> "[C]ourts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution ... [T]he mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion."

*Id. (quoting from In re Petition of Acchione,* 425 Pa. 23, 227 A.2d 816, 820 (1967)). The Board's determination in discharging its duty under PERA is entitled to a measure of deference from reviewing courts. *See Pennsylvania Labor Relations Bd. v. Butz,* 411 Pa. 360, 192 A.2d 707, 716 (1963) (this Court "will not lightly substitute its judgment for that of a body ... whose experience and expertise make it better qualified than a court of law to weigh facts within its field").

In this case, the Board was presented with a plainly moot dispute between parties who had settled their differences with a new bargaining agreement. Although courts generally will not decide a moot case because the law requires the existence of an actual controversy, *In re Gross*, 476 Pa. 203, 382 A.2d 116, 119 (1978), this Court has recognized two "well-organized exceptions to the mootness doctrine." *Id.* at 122–23.[5] We have reviewed moot matters, in our discretion, when the issue presented is one of great public importance or is one that is capable of repetition yet evading review. *See, e.g., Rendell v. Pa. State Ethics Comm'n*, 603 Pa. 292, 983 A.2d 708, 719 (2009); *Gross, supra.* The Board rejected the Association's claim that "the factual situation presented here falls within an exception to the mootness doctrine," and dismissed the charge without issuing a complaint.

The controlling premise underlying the Commonwealth Court's decision and the Association's argument in this appeal—that the Board "automatically" dismisses charges without issuing a complaint in moot disputes—is completely undermined by the Board's Final Order in this case. The Board stated that it "will dismiss as moot any unfair practice charge involving alleged bad faith bargaining where the parties have resolved the issues forming the basis for the charge through bargaining and a subsequent contract." Final Order dated December 18, 2007, at 2. However, the Board went on to consider the exceptions to the mootness doctrine, and explained that the Association had "failed to demonstrate that its Charge raises an issue of great public importance." *Id.* The Board further stated that the Association had "failed to demonstrate that the underlying factual situation presented here is one that is capable of repetition but likely to evade review," and it would "not speculate as to whether [PASSHE] will

5. The cases addressing mootness exceptions generally speak to mootness in the judicial realm. The Board, the Commonwealth Court and the parties each advert to judicial mootness principles in their discussion of this case. For purposes of review here, we will accept that review of a mootness determination of an administrative agency like the Board should proceed under pertinent, settled judicial doctrines.

make the same alleged threats to the [Association's] members in the future." *Id.*[6]

Despite the Board's discussion of mootness principles, and its explanation that it would dismiss moot charges where the party requesting review did not establish that the matter satisfied an exception to the mootness doctrine, the Commonwealth Court nonetheless held that "PASSHE's conduct clearly is capable of repetition yet likely to evade review if the Board is permitted through its acknowledged policy to effectively eliminate long-recognized exceptions to ordinary rules of mootness, thereby allowing the complained of conduct to continue indefinitely." 962 A.2d at 717. To the extent the

6. The Dissent takes issue with the Board's refusal to speculate, and states "the proper standard is whether the challenged conduct is **capable** of repetition and **likely** to evade review." Dissenting Op. at 477, 8 A.3d at 309 (emphasis in original). The Dissent considers the timing of the contract's expiration—at the end of the regular school year—to be sufficient showing that the moot dispute in this case is both "capable" of repetition and "likely" to evade review. Respectfully, the Dissent's broad interpretation of the mootness exception would allow it to swallow the general rule that only actual controversies may be decided; in practice, the cases indicate that something more than a theoretical possibility of repetition must be shown. *Contrast Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 125, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974) (where employer was engaged in cyclically recurring bargaining with union representing its employees, and state welfare officials continued to follow "an immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest," *i.e.*, providing unemployment compensation benefits to strikers, parties' dispute was capable of repetition). *See also Commonwealth v. Buehl*, 316 Pa.Super. 215, 462 A.2d 1316, 1319 (1983) (case is capable of repetition yet evading review when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again"), *quoting from Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam) (dispute over parole was moot upon petitioner's release from prison because there was no "reasonable expectation" or "demonstrated probability" that he would again be subject to prison administration's policies). The Board's reluctance to draw the conclusion proposed by the Association was not an abuse of discretion under the circumstances of this case. *See Joint Bargaining Committee, supra* at 1003 (matter was moot and court refused to speculate that issue will be raised in the future); *Gross, supra* at 120 ("... this Court will not decide moot questions. We will do so only in rare instances where exceptional circumstances exist or where questions of great public importance are involved.").

Commonwealth Court believed that the Board "eliminated" mootness exceptions, the court's analysis is not supported by the record.

Equally troubling is the fact that the Commonwealth Court essentially held as a matter of law that the Board should have issued a complaint in this case, despite its concession that it is "acutely aware of the discretionary nature of the Board's decision," and its express finding that the Board did not exhibit bad faith or fraud. *Id.* at 714–15. The Commonwealth Court apparently relied on the Association's representation that "its agreements with PASSHE always have expired at the end of June and that this makes a strike possible over the summer if one is to occur. . . . In the absence of a ruling on the question, PASSHE's conduct clearly is capable of repetition in a similar situation." *Id.* at 715. The Commonwealth Court reached this conclusion in the absence of any allegation or proof that PASSHE in fact has engaged in similar conduct in the past, even though the parties' agreements have "always" expired at the same time of year.[7]

Therefore, we hold that the Commonwealth Court's determination cannot be sustained in light of the record and the review standard. As noted, the record reveals that the Board recognized and considered the exceptions to the mootness doctrine, and there is no basis to conclude that it abused its discretion in rejecting the mootness exception argument forwarded to it by the Association, and declining to pursue the moot charges in this instance. The Board, which is expert in this area, explained its approach to this particular class of moot cases, where charges are rendered moot by the parties'

---

7. The Commonwealth Court also opined that the issue is "likely and even fated to evade review if," presumably in some future year, "the Board again waits until the parties reach a new agreement, then pronounces the unfair labor practice charge to be moot and refuses to issue a complaint." 962 A.2d at 717. Obviously, a repetition of PASSHE's conduct at some future time would present a very different factual context for the Board's consideration of a mootness exception argument, and might lend better support to a charge by the Association of unfair practices which are capable of repetition yet likely to evade review, given the labor history between the particular parties. But that is not the case before us today.

later voluntary execution of a new collective bargaining agreement. Final Order dated December 18, 2007, at 2 (citing *AFSCME Dist. Council 33, supra; Temple Ass'n of Univ. Prof., supra*). The Board's general policy in this regard is intended to move beyond "past allegations of misconduct which have no present effects" and focus instead on "a cooperative future," Appellant's Brief at 19 (citing *Medical Rescue Team S. Auth., supra*). This policy appears to be sensible and the Board's reliance on the policy in evaluating mootness exceptions is entitled to deference. Absent some particularized showing otherwise by the complaining party in a particular dispute, there is nothing unreasonable in the Board's deeming the moot issue to be "evading review" only because the parties reached a voluntary agreement—a salutary end to the conflict. And, it is not at all apparent that the Association's bald allegation that "only a legal adjudication that the employer acted illegally . . . is likely to assuage" the fear that it might so act again, Appellee's Brief at 18, was sufficient to defeat that policy.[8]

The Board concluded that the interests of the parties and the public are best served by avoiding continued litigation over conduct during negotiations that obviously did not prevent the parties from reaching a mutually agreeable contract. The Association did not identify any record evidence that would make this case different from the myriad of other situations where the parties to a labor dispute have resolved their differences and reached a new, long-term accord. *See Joint Bargaining Comm., supra* at 1003 (parties executed agreement which resolved controversy and rendered appeal moot; Court refused to "speculate that the issue in this case will be raised in the future and unless decided today will escape appellate review."). We conclude that the Board's decision

8. However, just as we recognize that a different factual record might require a different response to moot charges, *see supra* n. 7, we also caution that the Board's general policy in this regard should not be an exclusive one. For example, if it were shown that the employer had used illegal practices to gain concessions in negotiations, the Board might wish to consider the propriety of allowing the employer to seek refuge in a claim that the prior conduct was rendered moot by a subsequent agreement.

was not "automatic," and that the Commonwealth Court erred when it held the decision was "manifestly unreasonable" under the circumstances. We therefore reverse the Commonwealth Court's order and remand for reinstatement of the Board's decision.

Order reversed and matter remanded. Jurisdiction relinquished.

Justice GREENSPAN did not participate in the decision of this case.

Justices SAYLOR and EAKIN and TODD join the opinion.

Justice McCAFFERY files a dissenting opinion in which Justice BAER joins.

Justice McCAFFERY, dissenting.

I respectfully dissent. The issue we accepted for review in this matter was "[w]hether settlement of collective bargaining negotiations renders charges raised by a Union against an employer prior to the settlement automatically moot." *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 602 Pa. 195, 979 A.2d 839 (2009). I remain unclear as to the Majority's answer to this question. I would expressly address the question, and I would hold that the answer is no.

The majority concludes, based on its review of the record, and most particularly the Board's final order, that the Board's decision was "not 'automatic,'" in that the Board "recognized and considered the exceptions to the mootness doctrine." Majority Opinion, at 472, 8 A.3d at 306. The majority also appears to conclude that the Board did not abuse its discretion when it relied on its policy to "dismiss as moot any unfair practice charge involving alleged bad faith bargaining where the parties have resolved the issues forming the basis for the charge through bargaining and a subsequent contract." *Id.* at 470, 8 A.3d at 305 (quoting Final Order of the Board, dated 12/18/07, at 2); *see also id.* at 307 ("[The Board's] policy appears to be sensible and the Board's reliance on the policy

in evaluating mootness exceptions is entitled to deference.") Finally, the majority does caution that "the Board's general policy in this regard should not be an exclusive one." Majority Opinion, at 473 n. 8, 8 A.3d at 307 n. 8. As an example of a situation in which application of the policy may be inappropriate, the majority suggests the following: "if it were shown that the employer had used illegal practices to gain concessions in negotiations, the Board may wish to consider the propriety of allowing the employer to seek refuge in a claim that the prior conduct was rendered moot by a subsequent agreement." *Id.*

My first disagreement with the majority stems from its conclusion that the Board "recognized and considered the exceptions to the mootness doctrine." I do not believe that the record supports this conclusion. Rather, based on my review of the record, I must conclude that the Board did not address in a meaningful way the mootness exceptions, but instead relied on its general policy to dismiss as moot any unfair practice charge where the parties have successfully negotiated a new contract. In so doing, the Board, in my view, abused its discretion, as explained below.

This Court has repeatedly recognized two exceptions to the mootness doctrine: (1) for matters of great public importance and (2) for matters capable of repetition, which are apt or likely to elude review. *See Rendell v. State Ethics Commission,* 603 Pa. 292, 983 A.2d 708, 719 (2009); *In re Gross,* 476 Pa. 203, 382 A.2d 116, 122–23 (1978). Only the second is asserted by the Association in this appeal. *See* Majority Opinion, at 468 n. 4, 8 A.3d at 304 n. 4. Although the Board did, indeed, mention the exceptions to the mootness doctrine in its Final Order, it engaged in no meaningful analysis of these exceptions in the context of the circumstances presented in this case. The **entirety** of the Board's recognition and consideration of the exceptions is found in the following excerpts of the Board's Final Order:

> The Board will dismiss as moot any unfair practice charge involving alleged bad faith bargaining where the parties have resolved the issues forming the basis for the charge through bargaining and a subsequent contract. However,

the Board, within its discretion, may hear a moot charge if the charge presents an issue of great public importance that is capable of repetition but likely to evade review.

\* \* \* \*

Additionally, the Board has previously stated that "continued litigation over past allegations of misconduct which have no present effects unwisely focuses the parties' attention on a divisive past rather than a cooperative future." Clearly, to continue this litigation over alleged past misconduct that no longer affects the parties cannot be said to be in the public interest. Thus, [the Association] has failed to demonstrate that its Charge raises an issue of great public importance.

**Further, the Board will not *speculate* as to whether [PA]SSHE will make the same alleged threats to the bargaining unit members in the future. As such, [the Association] has *failed to demonstrate* that the underlying factual situation presented here is one that is capable of repetition but likely to evade review.** Therefore, [the Association's] allegations of violations of Section 1201(a)(1) and (5) of [the Public Employe Relations Act] PERA are moot. Accordingly, the Secretary did not err in declining to issue a complaint and dismissing the Charge.

After a thorough review of the exceptions and all matters of record, the Board concurs with the Secretary's decision to dismiss [the Association's] Charge of Unfair Practice.

Final Order of the Board, dated 12/18/07, at 2–3 (internal citations omitted) (emphasis added).

Contrary to the Board's implication, in evaluating the applicability of the mootness exception for matters capable of repetition that are likely to elude review,[1] the Board was not called upon to "speculate" as to whether PASSHE would repeat the challenged conduct, nor was the Association required to prove that PASSHE would indeed do so. Rather, the proper standard is whether the challenged conduct is

1. I limit my discussion to this exception as it is the only one argued by the Association in this appeal.

**capable** of repetition and **likely** to evade review. *See, e.g.,* *Commonwealth v. Sloan,* 589 Pa. 15, 907 A.2d 460, 464–65 (2006); *In re Gross, supra* at 122–23. The Board did not address the Association's argument that the matter was capable of repetition because contract agreements between the Association and PASSHE consistently expire at the end of the school year, *i.e.,* at the end of June; hence, if a strike occurs, it is likely to be in the summer, when summer benefits for striking faculty could very well again become an issue. *See Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 962 A.2d 709, 713, 717 (Pa.Cmwlth.2008). Similarly, the Board did not address the Association's argument that, if the matter did arise again, it would likely escape judicial review, because adjudication takes at least several months, but under Section 1003 of the PERA, public employee strikes, including teacher strikes, are generally of short duration.[2] *Id.* at 713, 717. In fact, the Board made absolutely **no** comment or determination as to the likelihood that, in the event PASSHE's alleged conduct is repeated, a subsequent Association challenge would again evade review. Thus, I am unable to agree with the majority that the Board "recognized and considered" the exceptions to the mootness doctrine because I discern nothing in the record to suggest that the Board either recognized the proper standard or considered the exceptions in the context of the circumstances presented in this case and of the allegations raised by the Association.

Instead, in my view, the Board relied on its general policy of dismissing as moot any unfair practice charge where the parties have successfully negotiated a new contract. I have no disagreement with the majority insofar as it asserts that the Board, in the exercise of its discretion, may properly take into account the fact that the parties have reached agreement on their contract. However, I believe that the Board abuses its discretion when it declines to issue a complaint based exclu-

**2.** Section 1003 provides that a strike by public employee can be enjoined "if the court finds that the strike creates a clear and present danger or threat to the health, safety or welfare of the public." 43 P.S. 1101.1003.

sively on this factor, without also undertaking a thorough consideration of the applicability of the mootness exceptions to the facts and allegations in the case. As the Commonwealth Court pointed out, if the Board exclusively and repeatedly declines to issue a complaint merely because the parties have reached agreement on their contract, meritorious charges may evade review. *See Association of Pennsylvania State College and University Faculties,* 962 A.2d at 717.

I cannot determine how to interpret the majority's opinion, particularly its statement that "the Board's reliance on the policy [of dismissing charges rendered moot by a new contract] in evaluating mootness exceptions is entitled to deference." Majority Opinion, at 473, 8 A.3d at 307. I would agree that the Board has discretion as to whether to invoke a mootness exception and accordingly hear a moot charge. Furthermore, as mentioned above, in the exercise of this discretion, the Board is entitled to consider, as one factor, the wisdom of proceeding with the litigation if the parties have already reached agreement on their contract. If, however, the majority is suggesting that the Board may decline to issue a complaint based solely on its policy of dismissing charges rendered moot by a new contract, without explicit consideration and explanation of the potential applicability of the mootness exceptions, then I must strenuously disagree with the majority. I would not excuse the Board from a thorough evaluation of the mootness exceptions in the context of the circumstances and allegations of each case, and I would require the Board to set forth its analysis in sufficient detail for review, under the abuse of discretion standard, by this Court.

Finally, I have reservations about footnote 8, in which the majority "caution[s] that the Board's general policy in this regard should not be an exclusive one. For example, *if it were shown* that the employer had used illegal practices to gain concessions in negotiations, the Board might wish to consider the propriety of allowing the employer to seek refuge in a claim that the prior conduct was rendered moot by a subsequent agreement." Majority Opinion, at 473, 8 A.3d at 307 (emphasis added). There is no question that the Board's

general policy of dismissing charges rendered moot by a new contract should not be "exclusive." However, the majority seems here to suggest that the policy *may* be applied in an exclusive manner unless, *e.g.*, "it were shown" that the employer had engaged in illegal practices to gain employee concessions. Expecting the employees to **show** as a prerequisite for issuance of a complaint that their employer had engaged in illegal practices is too high a barrier at this stage in the litigation. As the Board stated in its decision, "[i]n determining whether to issue a complaint, the Board assumes that all the facts alleged are true." Final Order of the Board, dated 12/18/07, at 1.

Here, the Association alleged that PASSHE had violated several subsections of the Public Employe Relations Act by threatening employees who went on strike with the loss of already-earned pay and benefits. These are serious allegations, but I am aware of no precedent, and the majority cites none, to suggest that the Association should be required to prove them prior to the Board's issuance of a complaint, even a complaint issued pursuant to application of a mootness exception.

For the above reasons, I am unable to join the majority. I would affirm the order of the Commonwealth Court and remand to the Pennsylvania Labor Relations Board to consider the Association's charge, including whether an exception to the mootness doctrine is applicable.

Justice BAER joins this dissenting opinion.