J-E04001-14

2015 PA Super 146

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY <br><br> Appellant <br><br> v. <br><br> HOSPITALITY GROUP SERVICES, INC.; HOSPITALITY GROUP SERVICES, INC., T/D/B/A RAMADA INN; HOSPITALITY GROUP SERVICES, INC. T/D/B/A RAMADA OF LIGONIER; AND HOSPITALITY GROUP SERVICES, INC. T/D/B/A/ RAMADA OF HISTORIC LIGONIER; ROGER N. ALMS; ROSE M. ALMS AND TERRI NEMCHECK, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF SEAN M. NEMCHECK, DECEASED <br><br> Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> No. 1430 WDA 2013 |

Appeal from the Order August 8, 2013
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 3543 OF 2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
PANELLA, J., DONOHUE, J., SHOGAN, J., MUNDY, J., OLSON, J.,
and OTT, J.

DISSENTING OPINION BY MUNDY, J.:                    **FILED JULY 07, 2015**

I conclude the instant appeal is moot and not subject to an exception to our rule that "courts generally will not decide a moot case because the law requires the existence of an actual controversy." ***Assoc. of Pa. State Coll. and Univ. Faculties v. Pa. Labor Relations Bd.***, 8 A.3d 300, 305 (Pa. 2010).  I, therefore, respectfully dissent.

On March 18, 2014, during the pendency of this appeal, Appellees, Hospitality Group Services, Inc. and related parties (Hospitality Group), filed a bad faith claim against Appellant, Selective Way Insurance Co. (Selective). Subsequently, the parties settled the underlying liability action brought by Appellee, Terri Nemcheck, Executrix, and entered a praecipe to settle and discontinue on July 17, 2014. Selective's declaratory judgment action, and the instant appeal based thereon, therefore, was rendered moot.

> [Insurer] effectively acquiesced to [declaratory judgment] decrees with regard to [insured defendants] by virtue of its execution of the non-waiver agreement and eventual settlement with the plaintiffs. Therefore, no effect could be given to our resolution of [Insurer's appeal from the declaratory judgments] if we were to render one and it is moot.

*Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 354 (Pa. Super. 1996).

The Majority recognizes the consequential mootness of this appeal but concludes that an exception to the mootness doctrine applies.[1] The Majority cites our precedent identifying three exceptions.

> Appellate courts in this Commonwealth have recognized three exceptions, permitting decision on an issue despite its mootness: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) (citations omitted).

---

[1] President Judge Emeritus Ford-Elliott, in her dissenting opinion, does not address the mootness issue.

Majority Slip Opinion at 7-8.[2]  The Majority concludes that the third exception applies in this case, as Selective could be collaterally estopped from challenging the trial court's statute of limitations ruling, rendered in its declaratory judgment action, in Hospitality Group's pending bad faith case.

---

[2] I acknowledge that Our Court has consistently listed the cited exceptions as three distinct bases to review a mooted claim. ***See e.g. Orfield v. Weidndel***, 52 A.3d 275, 278 (Pa. Super. 2012), ***In Re D.A.***, ***supra***.  I believe our listing of the third exception as an independent basis for review is at variance with our Supreme Court's articulation of the available exceptions to the mootness doctrine.  Rather, our Supreme Court articulates two exceptions, treating the existence of some detriment suffered by a party as an additional aspect of the class of exceptions where an issue is likely to recur but  escape review.

> This Court has repeatedly recognized **two** exceptions to the mootness doctrine: (1) for matters of great public importance and (2) for matters capable of repetition, which are likely to elude review.  ***See Rendell v. State Ethics Com'n***, 603 Pa. 292, 983 A.2d 708, 719 (2009).  Moreover, we have found **this exception** applicable where a case involves an issue that is important to the public interest or **where a party will suffer some detriment** without a court decision.  ***Com., Dept. of Environmental Protection*** [***v. Cromwell Twp., Huntingdon, Cnty***], 32 A.3d [639,] 651–652 [(Pa. 2011)].

***Pilchesky v. Lackawanna Cnty***, 88 A.3d 954, 964-965 (Pa. 2014) (emphasis added).  Accordingly, the fact that a party may suffer some detriment is relevant only where the issue is first deemed capable of repetition and likely to evade review.  To hold otherwise, in my view risks creating an exception that could subsume the rule.  Nevertheless, regardless of which articulation of the exception we employ, I conclude, for the reasons noted *infra*, that its application in this case is unwarranted.

*Id.* at 12. The Majority concludes this is sufficient detriment to trigger the exception. *Id.* at 12-13.

> Initially, we note that case law discussing the third exception to the mootness doctrine expressly requires only that a party "will suffer some detriment **due to the trial court's decision**," which can be "collateral legal consequences of the court order." ***In re L.Z.***, 91 A.3d 208, 212 (Pa. Super. 2014) (*en banc*) [], *appeal granted on other grounds*, 96 A.3d 989 (Pa. 2014).

*Id.* at 10 (emphasis by Majority omitted, current emphasis added).

Instantly, Selective will not suffer detriment from the trial court's decision so much as from its own election to settle the Nemcheck Action. As noted by Nemcheck, "the issue will elude appellate review in this case only because Selective has chosen to moot the issue." Nemcheck's Supplemental Brief on the Issue of Mootness at 1-2. As a sophisticated party, Selective was well aware of the collateral implications of its decision to settle.[3] Further, the settlement agreement is not before us, and we have no way of evaluating the terms of the agreement or how such collateral implications were weighed by the respective parties in their decision to settle on those terms. It was well within the rights and capabilities of the parties, as part of

---

[3] As noted by the Majority, Hospitality Group's bad-faith complaint, the settlement agreement, and parties' correspondence is not part of the certified record in this case. Majority Slip Opinion at 8, n.3. In its brief, Selective acknowledges its counsel discussed the collateral impact of the settlement on the bad faith claim with Hospitality Group's counsel, demonstrating it was well aware of the ramifications of the settlement it voluntarily entered. Selective's Supplemental Brief on the Issue of Mootness at 11.

the settlement, to waive the collateral estoppel effect of issues in the declaratory judgment case. They could have agreed to reserve Selective's right to litigate the statute of limitations issue in Hospitality Group's collateral bad faith case but chose not to do so. Whether applicable as a defense, or offensively to preclude a defense,[4] the doctrine of collateral estoppel can be waived if not asserted. **See** Pa.R.C.P. 1030, 1032. "Res judicata and collateral estoppel are affirmative defenses which must be pleaded in an answer as new matter. Pa.R.C.P. 1030. A defense not so raised is waived. Pa.R.C.P. 1032." **Hopewell Estates, Inc. v. Kent**, 646 A.2d 1192, 1194 (Pa. Super. 1994).

The Majority's decision to invoke an exception to the mootness doctrine on these facts allows Selective to "have its cake and eat it too." The decision to review the moot issue essentially changes the terms of the settlement agreement relative to its effect on collateral matters and the

_____

[4]
> "Under the doctrine of collateral estoppel, … the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. … [A] litigant … may … use collateral estoppel offensively in a new suit against the party who lost on the decided issue in the initial case."

**In re Stevenson**, 40 A.3d 1212, 1222 (Pa. 2012) (internal quotation marks, citations, and footnote omitted). "A judgment is deemed final for purposes of … collateral estoppel unless or until it is reversed on appeal." **Shaffer v. Smith**, 673 A.2d 872, 874-875 (Pa. 1996) (citations omitted).

need for the respective parties to expend additional resources in proceeding with this appeal. I conclude, under the facts of this case and Selective's voluntary acquiescence in its current position, that no exception to our prohibition against deciding moot issues applies. **See Easton Theatres, Inc. v. Wells Fargo Land and Mortg. Co.**, 449 A.2d 1372, 1373 (Pa. 1982) (holding willful inaction by party to maintain the *status quo* pending appeal, precludes party from invoking exception to subsequent mootness of appeal); **Consolidation Coal Co. v. Dist. 5, United Mine Workers of America**, 485 A.2d 1118, 1124 (Pa. Super. 1984) (holding, "[w]hen a party attempts to bring a claim arising out of a cause of action that was previously settled, that claim is merged in the previous agreement of settlement") (citation omitted); **Weney v. W.C.A.B (Mac Sprinkler Systems, Inc.)**, 960 A.2d 949, 954-955 (Pa. Cmwlth. 2008) (applying *res judicata*, where claimant in workers' compensation case entered into stipulation to add an injury to original review hearing, to bar subsequent claim and review hearing for an additional injury that could have been included in the stipulation), *appeal denied*, 971 A.2d 494 (Pa. 2009).[5]

For these reasons, I would dismiss the instant appeal as moot.

---

[5] Although Commonwealth Court opinions do not bind this Court, we may consult them for their persuasive value. **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010).