School District of Penn Hills v. Penn Hills Educational Association, an unincorporated association, Appellant.

Argued November 2, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*Ronald N. Watzman,* for appellant.

*John M. Tighe,* with him *Hickton, Dean, Litman and Tighe,* for appellee.

OPINION BY JUDGE BLATT, March 31, 1978:

The Penn Hills Educational Association (Association) appeals from an order of the Court of Common Pleas of Allegheny County which enjoined the arbitration of a grievance filed by the Association against the School District of Penn Hills (District).

The grievance was filed on June 8, 1976 and alleged that the District had violated provisions of the collective bargaining agreement (Agreement) then in effect between the Association and the District. The grievance arose from an incident at a public meeting of the District's School Board (Board) during which a Board member commented on the use of tax dollars to pay the Association's president for the conduct of Association business during school hours, apparently referring to a provision of the Agreement which specifically gives the Association's president "released time" for the administration of the con-

tract and provides that she be assigned "a 4/7 daily instructional day." Objection was also made to a subsequent newspaper article which reported the incident, and a public retraction and apology were the requested remedies. It was contended that the Board member's action constituted discrimination against a professional employee who was exercising rights guaranteed in the Public Employe Relations Act[1] (Act), and that such discrimination was prohibited by Article VIII, Section B of the Agreement. It was also contended that this action involved a discrimination on the basis of membership in the Association which was prohibited by the Agreement's Article VIII, Section C. In addition, the Association claimed that the action violated Article VI of the Agreement which provides that "[n]o Professional Employe shall be disciplined, publicly reprimanded, discharged or reduced in rank or compensation without just cause."

When the grievance could not be resolved through the first three steps of the Grievance Procedure provided in Article V of the Agreement, the Association informed the District Superintendent on July 14, 1976 of its intention to arbitrate the grievance according to the fourth step of the procedure, and a request for arbitration was later submitted by the Association to the American Arbitration Association on October 22, 1976.

Separate charges of unfair practices were also filed by the Association in August, 1976 with the Pennsylvania Labor Relations Board (PLRB), which alleged that the District had violated Section 1201(a)-(5) of the Act, 43 P.S. §1101.1201(a)(5) by refusing

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

to submit its grievance to arbitration, and by the District, which charged the Association with violation of Section1201(b)(3), 43 P.S. §1101.1201(b)(3), by attempting to arbitrate a complaint which was not a "grievance" and doing so for the purpose of annoying and disrupting the District rather than for a legitimate bargaining purpose. The PLRB held a hearing on these charges on October 12, 1976.

Prior to the issuance of an order by the PLRB,[2] the District filed a complaint in equity with the Court of Common Pleas of Allegheny County requesting it to preliminarily enjoin the Association from arbitrating the grievance. After a hearing on this complaint, the lower court granted the preliminary injunction, and it is from this order that the Association has now appealed to us.

The sole issue before us is whether or not the lower court had jurisdiction to enjoin the arbitration process, and we believe that this case is controlled by the decision of our Supreme Court in *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245 (1976). We must hold, therefore, that the lower court did not have jurisdiction here to issue the injunction requested.

Our Supreme Court in *Hollinger, supra,* construed the language of Section 1301 of the Act, 43 P.S. §1101.1301,[3] to mean that "if a party directly

---

[2] The PLRB issued its order on January 18, 1977 finding that the District had committed a Section 1201(a)(5) unfair labor practice, determining that the Association had committed no unfair labor practices, and ordering the District to join in the selection of an arbitrator.

[3] Section 1301 of the Act, 43 P.S. §1101.1301, contains the following language:

The board is empowered . . . to prevent any person from engaging in any unfair practice listed in Article XII of this

seeks redress of conduct which *arguably constitutes one of the unfair labor practices* listed in Article XII (Section 1201) of the PERA, 43 P.S. §1101.1201 (Supp. 1976), *jurisdiction* to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice *is in the PLRB, and nowhere else."* *Hollinger, supra,* 469 Pa. at 366, 365 A.2d at 1249 (emphasis added). The Supreme Court, which was there reversing this Court's determination that we had equitable jurisdiction to enjoin payroll deductions for union dues, held that, in a dispute regarding an arguably unfair labor practice, jurisdiction lies only with the PLRB.

We have previously held that a failure to submit a grievance to arbitration is a failure to discuss the grievance for purposes of a Section 1201(a)(5) unfair labor practice charge. *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 30 Pa. Commonwealth Ct. 403, 373 A.2d 1175 (1977). We believe, therefore, that the arbitration of the Association's alleged grievance here arguably involved an unfair labor practice and that the court below lacked equity jurisdiction to enjoin the arbitration, and that the order of the lower court must be reversed.

ORDER

AND Now, this 31st day of March, 1978, the order of the Court of Common Pleas of Allegheny County enjoining the Penn Hills Educational Association from processing its grievance to arbitration is hereby reversed.

---

act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise.