## Kashatus v. Greater Nanticoke Area School District

*John G. Whelley, Jr.*, for plaintiffs.
*Ronald J. Wydo*, for defendant.

DALESSANDRO, *J.*, January 9, 1984—

## NATURE OF PROCEEDINGS

This matter is before the court on defendant's preliminary objections to plaintiffs' complaint.

## HISTORY AND FACTS

On August 23, 1983, plaintiffs, 145 teachers employed during the 1982-1983 school year by the Greater Nanticoke Area School District, filed suit against the district for sums claimed to be due pursuant to contract. The district filed preliminary objections to their complaint, to which plaintiffs responded with their own preliminary objections as well as an answer. Prior to reciting the factual allegations essential to the disposition of defendant's preliminary objections, we must address an important procedural issue.

Plaintiffs' preliminary objections, not having been filed in time for listing for argument, are not now formally before us. In their brief in opposition to defendant's preliminary objections, plaintiffs suggest that we postpone our review of the district's objections until theirs can be considered, or in the alternative deem each factual allegation in the objections to the complaint to be denied. We will do neither.

While in most circumstances it is the better practice to dispose first of a challenge to a defendant's preliminary objections, it is not necessary to adopt that procedure here. Even a cursory glance at plaintiffs' preliminary objections reveals that two of them are essentially nothing more than further answer to defendant's preliminary objections. The remaining

objection, that the district failed to verify its pleading, which contains factual allegations, and failed to endorse it with a notice to plead, is meritorious, but we find that it has been waived by the filing of an answer to defendant's preliminary objections.

From the complaint, the district's objections thereto, and plaintiffs' objections and answer to the district's objections, the following facts appear to be undisputed. The Greater Nanticoke Area School District is a political subdivision and "public employer" as defined in §301(1) of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, §301(1), 43 P.S. §1101.301(1). The teachers employed by the district, including all plaintiffs herein, are represented for purposes of collective bargaining by the Greater Nanticoke Area Education Association.

When each plaintiff was hired, he signed a written employment agreement, substantially in the form of the one attached to the complaint as exhibit "C". Paragraph four of the agreement states that it shall continue in effect until the expiration of two years of satisfactory service, at which time, pursuant to paragraph two, the teacher shall be considered a professional employee and shall be tendered a professional employee's contract as provided in the Pennsylvania School Code. The district and the education association have entered into a number of collective bargaining agreements covering wages, hours, and other terms of employment, the most recent of which is attached to the complaint as exhibit "D".

Since December, 1981, the district and the association have been involved in negotiations for a contract to succeed the one which expired on August 31, 1982. On September 7, 1982, the teachers commenced a general strike of all schools in the district

which lasted until October 11, 1982, at which time they returned to work under the terms and conditions of the expired collective bargaining agreement pending further negotiations. On February 24, 1983, the teachers began a series of partial strikes, selecting one or more schools in the district for a one day work stoppage on various dates during a period of approximately two months. On the dates of the partial strikes, those teachers not assigned to the schools involved in the work stoppage reported for duty as usual. However, after several partial strikes, the district adopted the policy of closing all schools on those dates for which the teachers announced a work stoppage and did not pay any teachers for said dates, including those teachers assigned to schools not targeted by the association.

In response to the district's actions, the association filed a grievance under the collective bargaining agreement on May 10, 1983, seeking to obtain back wages for teachers not participating in the partial strikes. Three days later the association also lodged with the Pennsylvania Labor Relations Board (PLRB) a charge that the district committed an unfair labor practice under §1201 (a)(1) of the Public Employee Relations Act, 43 P.S. §1101.1201(a)(1), by cancelling instruction at schools not affected by selective strikes, locking out those teachers who reported for work, and refusing to pay their wages. On May 20, 1983, the PLRB issued a complaint against the district.

Subsequent to the filing of plaintiffs' complaint in assumpsit and defendant's preliminary objections, the association filed a second unfair labor practice charge against the district, claiming that the district violated §§1201(a)(1) and 1201(a)(5) of the Public Employee Relations Act, 43 P.S. §§1101.1201(a)(1), 1201(a)(5), for the reasons set forth in the prior

charge and for the additional reason that the district refused to submit the association's grievance to arbitration as required by the collective bargaining agreement. The PLRB issued a second complaint, and a hearing was held on both charges on November 4, 1983.

The events of the preceding paragraph are set forth in plaintiffs' answer to defendant's preliminary objections, filed on November 14, 1983. Although not technically uncontroverted for the purposes of our disposition of the preliminary objections, we note that at oral argument the district did not deny that an additional unfair labor practice charge had been filed or that a PLRB hearing had been held. We will therefore treat these specific allegations as undisputed as well.

## DISCUSSION AND LAW

The district objects to the complaint for several reasons: (1) it is not properly verified, (2) it is not sufficiently specific, (3) it fails to state a cause of action, (4) plaintiffs lack capacity to sue because they have not exhausted contractual remedies under the grievance procedure, and (5) the court lacks subject matter jurisdiction over the issues raised. Plaintiffs concede the validity of the first preliminary objection and could have filed a properly amended complaint. Pa. R.C.P. 1028(c). However, rather than grant the motion to strike, only to have the other issues before us once again on preliminary objections to the amended complaint, in the interest of judicial economy we will reach the question of jurisdiction which we believe to be dispositive of this action.

As set forth in §1301 of the Public Employee Relations Act, 43 P.S. §1101.1301, the PLRB has the power to prevent any person from engaging in any unfair labor practice, which power "shall be exclu-

sive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise." In determining whether the PLRB has original jurisdiction of a dispute between public employees and their employer, we must ascertain whether the remedy sought is redress of an unfair labor practice. If the conduct claimed to entitle the complaining party to relief arguably constitutes one of the unfair labor practices specified in §1201 of the Act, 43 P.S. §1101.1201, "jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the PLRB, and nowhere else." Hollinger v. Dept. of Public Welfare, 469 Pa. 358, 366, 365 A.2d 1245, 1249 (1976).

Applying that test at bar, we believe that the PLRB has original and exclusive jurisdiction over this dispute. An employer's unilateral termination, during the collective bargaining process, of benefits due under the expired contract has been held to constitute an unfair labor practice under §1201(a)(1) and §1201(a)(5). Appeal of Cumberland Valley Sch. Dist., 483 Pa. 134, 394 A.2d 946 (1978). An employer's wrongful refusal to arbitrate a grievance is also a violation of §1201(a)(5) of the Act. Veerasingham v. Sharp, 61 Pa. Commw. 460, 434 A.2d 221 (1981). Without holding that the district committed unfair labor practices, an issue which we need not reach for the purposes of disposing of the preliminary objections, we must nevertheless conclude that its conduct arguably constituted a violation of the Act such that we have no jurisdiction to proceed with this matter.

Plaintiffs attempt to avoid this result by contending that this is strictly an assumpsit action and that they are not seeking redress of an unfair labor prac-

tice. We disagree. Simply stated, they seek to recover sums allegedly due pursuant to contract for work which they were ready, willing, and able to perform but were prevented from doing. Although couched in statutory terms of unfair labor practices, their complaints before the PLRB raise the same issue and request the same relief, either directly or through arbitration. The PLRB has broad authority in fashioning a suitable remedy for violations of the Act. 43 P.S. §1101.1303. In our view, that authority encompasses the right to direct a back pay award or to compel arbitration. See, e.g., Appeal of Cumberland Valley Sch. Dist., supra (school district ordered to reimburse teachers for medical and other expenses when district committed unfair labor practice by terminating insurance coverage). Plaintiffs simply may not simultaneously pursue avenues of relief before this court and the PLRB; defendant's preliminary objection raising the question of jurisdiction must be sustained. Our dismissal of this action will be without prejudice. Plaintiffs may later be entitled to reassert their claim, depending upon the outcome of the PLRB proceedings.

We are buttressed in our conclusion that this court lacks jurisdiction over this dispute by the holdings in several similar cases. In Bailey v. Ferndale Area Sch. Dist., 70 Pa. Commw. 628, 454 A.2d 207 (1982), the court affirmed the dismissal of a suit in assumpsit under the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, 43 P.S. §260.1 et seq., brought by professional employees of a school district to recover accrued wages wrongfully withheld during a strike. The court agreed that the conduct of the district described in the complaint was arguably an unfair labor practice within the exclusive original jurisdiction of the PLRB. Similarly, in Koch v. Bellefonte Area Sch.

Dist., 36 Pa. Commw. 438, 388 A.2d 1114 (1978), the court reversed an order enjoining the arbitration of two grievances involving the rescheduling of institutional days, holding that the district's refusal to arbitrate the grievances was arguably an unfair labor practice over which the PLRB had jurisdiction pursuant to § 1301 of the Public Employee Relations Act. 43 P.S. § 1101.1301. Finally, in Donnellan v. Mt. Lebanon Sch. Dist., 32 Pa. Commw. 33, 377 A.2d 1054 (1977), the court affirmed with modifications the entry of summary judgment in favor of the district on a complaint in assumpsit involving a salary dispute for the reason that the question was one arguably covered by salary provisions of the collective bargaining agreement and that arbitration was the proper and only remedy available, citing §903 of the Act, 43 P.S. §1101.903. Accord, Cohen v. Temple University, 299 Pa. Super. 124, 445 A.2d 179 (1982).

One issue remains for discussion. In Hollinger v. Dept. of Public Welfare, supra, 469 Pa. at 365, n. 10, 365 A.2d at 1249, n. 10, the court noted that the rule that the PLRB has exclusive jurisdiction over disputes seeking redress of an unfair labor practice "does not, of course, divest a court of jurisdiction to entertain suits for breach of contract merely because the alleged breach may arguably be an unfair labor practice." In so stating, the Court cited Building Service Employees International Union, Local 252 v. Schlesinger, 440 Pa. 448, 269 A.2d 894 (1970), Vaca v. Sipes, 386 U.S. 171 (1967), and two other United States Supreme Court cases.

We believe that the language quoted above was dictum in both Hollinger and Schlesinger and that Vaca does not stand for such a broad proposition. See Martino v. Transport Workers Union, 301 Pa. Super. 161, 173, 447 A.2d 292, 298 (1982). More-

over, in cases involving contractual disputes between employees and employers subject to the Public Employee Relations Act, the exclusive remedial forum is arbitral, not judicial. Bailey v. Ferndale Area School Dist., supra, 70 Pa. Commw. at 633, n. 3, 454 A.2d at 210, n. 3. In view of the numerous authorities supporting the conclusions we have reached at bar, we believe that we are correct in dismissing this action for lack of jurisdiction.

Our disposition of this issue makes it unnecessary to reach defendant's remaining preliminary objections.

## ORDER

It is hereby ordered that defendant's preliminary objection to this court's jurisdiction over the subject matter of plaintiffs' complaint is sustained, and this action is dismissed, without prejudice.