J-A23002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JASON BURNS, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARK S. MCCARROLL, AN INDIVIDUAL | : | No. 370 WDA 2019 |
| | : | |

Appeal from the Amended Judgment, entered March 28, 2019
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): GD 17-003332.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED OCTOBER 28, 2019

This is a three-car-pile-up case. Plaintiff, Jason Burns (the driver of the middle car), appeals from the amended judgment entered on the jury verdict of $10,000 in his favor. He claims the trial court erred by allowing the driver of the lead car, Caroline Huffnagle, to testify on behalf of the last driver, Defendant, Clark S. McCarroll, regarding Mr. Burns' comparative negligence. Mr. Burns also claims the trial court should not have given a jury instruction on comparative negligence. Because the $10,000 verdict was never molded to reflect the finding that Mr. Burns was 50% negligent, we dismiss Mr. Burns' appellate issues as moot and affirm the amended judgment.

On a cold and snowy night, in March of 2015, Caroline Huffnagle was driving south in the right-hand lane of Pennsylvania Route 28, near Shaler Township. She hit a patch of black ice, struck the right guard rail with the

front of her vehicle, spun two doughnuts, and came to a stop in the left-hand lane. Her car stopped spinning facing southbound — i.e., with the follow of traffic.

Instead of relocating to the shoulder, she put on her hazard lights and began looking around the vehicle for her cell phone. Once she located it, Ms. Huffnagle called her fiancée (now husband). While she was talking to him, she noticed headlights rapidly approaching from behind.

Mr. Burns had also been driving down right-hand lane of Route 28 that evening, when the traffic slowed down ahead of him. He moved into the left lane, noticed flashers ahead, and tried to stop. Mr. Burns reacted too late, hit the black ice, and rear-ended Ms. Huffnagle.

According to Ms. Huffnagle, five seconds later, Mr. McCarroll hit the same black ice and rear-ended Mr. Burns.[1] This testimony, given four years after the fact, contradicted Ms. Huffnagle's statements to the State Police on the night of the accident. At that time, she reported only one rear-end collision, and blamed Mr. McCarroll for the whole occurrence. Based upon that police report and his own recollection of events, Mr. Burns sued Mr. McCarroll.

_____

[1] Mr. Burns disagreed that he rear-ended Ms. Huffnagle before Mr. McCarroll rear-ended him. According to Mr. Burns, Mr. McCarroll rear-ended him so hard that he jolted Mr. Burns' car into Ms. Huffnagle. However, when a trial court denies a new trial at post-trial motions, as occurred here, this Court conducts its review by "viewing the evidence in the light most favorable to the verdict winner . . . ." Grossi v. Travelers Pers. Ins. Co., 79 A.3d 1141, 1148 (Pa. Super. 2013). Because Mr. McCarroll is the verdict winner on the issue of comparative negligence, we must read the trial testimony in the light most favorable to Mr. McCarroll. Thus, for purposes of this appeal, Mr. Burns rear-ended Ms. Huffnagle first. Then, Mr. McCarroll rear-ended Mr. Burns.

At trial, Mr. McCarroll admitted his negligence. However, he asserted Mr. Burns' negligent driving contributed to Mr. McCarroll rear-ending Mr. Burns, based upon Ms. Huffnagle's revised story. Mr. McCarroll believed Mr. Burns caused an initial collision with Ms. Huffnagle, which set in motion the second collision between Mr. McCarroll and Mr. Burns.

Mr. Burns opposed any claim that he was comparatively negligence. First, he contended the only collision was by Mr. McCarroll, because Mr. Burns recalled safely halting his car at least two car lengths behind Ms. Huffnagle. Second, Mr. Burns argued that, even if he had hit Ms. Huffnagle first, there was no expert testimony linking that first collision to the damages Mr. Burns suffered.

The parties also disputed the measure of damages. Both Mr. Burns' and Mr. McCarroll's experts agreed that Mr. Burns' injuries arose from the collision between Mr. McCarroll and Mr. Burns, but they valued those damages very differently. No evidence connected the first collision to Mr. Burns' injuries.

Mr. Burns objected to Ms. Huffnagle's testimony as irrelevant, because she could not opine that, by rear-ending her, Mr. Burns had harmed himself or exacerbated the harm he suffered when Mr. McCarroll subsequently rear-ended him. The trial court overruled the objection on the grounds that Ms. Huffnagle's account would paint a complete picture of the accident for the jury.

At closing arguments, Mr. McCarroll's attorney relied on Ms. Huffnagle's testimony to allege Mr. Burns may have injured himself in the first collision.

The trial court admonished him for violating a pre-trial ruling that precluded the defense from asserting any secondary cause for Mr. Burns' injuries without expert testimony. The court told the jury to disregard that portion of counsel's closing; however, it overruled Mr. Burns' objection to a charge on comparative negligence. The jury found Mr. McCarroll and Mr. Burns each 50% negligent and Mr. Burns had suffered $10,000 in damages.

Citing the admission of Ms. Huffnagle's testimony and the comparative-negligence charge as errors, Mr. Burns filed a post-trial motion seeking a new trial. Notably, however, Mr. McCarroll did not ask the trial court to reduce the $10,000 verdict to $5,000, even though the jury had found Mr. Burns 50% responsible for his own injuries. The trial court denied Mr. Burns' motion for a new trial, and he appealed to this Court. Thereafter, the Office of Judicial Records of Allegheny County later entered judgment in favor of Mr. Burns for $10,000.[2]

---

[2] Because he appealed to this Court prior to the entry of that judgment, this Court issued Mr. Burns a Rule to Show Cause, instructing him to prove that judgment was entered or have his appeal quashed. He then filed a praecipe for the entry of judgment on March 23, 2019. For reasons unclear on this record, he subsequently filed a praecipe for an amended judgment on March 28, 2019.

Although Mr. Burns appealed to us prematurely, we may, for the sake of judicial expedience, overlook that defect and "treat the appeal as having been taken from the final judgment in this case." Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 948 A.2d 834, 842 (Pa.Super.2008), affirmed, 606 Pa. 584, 2 A.3d 526 (Pa.2010). See also Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry

Mr. Burns raises two issues for our review:

I.     Did the trial court commit error when [it] permitted . . . [Ms. Huffnagle's] testimony that [Mr. Burns] was comparatively negligent?

II.    Did the trial court commit error when instructing the jury on comparative negligence?

Burns' Brief at 5. Instead of addressing either of those issues, however, we ask whether both questions are now moot, given the unmolded verdict.[3]

Pennsylvania "courts generally will not decide a moot case, because the law requires the existence of an actual controversy . . . ." *Association of Pennsylvania State College & University Faculties v. PLRB*, 8 A.3d 300, 305 (Pa. 2010). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Printed Image of York, Inc. v. Mifflin Press, Ltd.*, 133 A.3d 55, 59 (Pa. Super. 2016) (some punctuation omitted).

Here, because Mr. McCarroll never moved to mold the verdict based upon the finding of Mr. Burns' comparative negligence, any alleged errors by the trial court concerning comparative negligence, had no impact upon the amended judgment, as entered. Thus, even if Ms. Huffnagle's testimony was

_____

of an appealable order shall be treated as filed after such entry and on the day thereof."). Accordingly, we disregard Mr. Burns' procedural defect.

[3] It is well-settled that this Court "may affirm the trial court's order on any valid basis." *Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa. Super. 2007) (emphasis added). Thus, the fact that Mr. McCarroll did not assert mootness as a grounds for affirmation is irrelevant to our review.

irrelevant or the comparative charge was erroneously given, we cannot grant Mr. Burns any additional relief. A ruling by this Court on either of Mr. Burns' appellate issues would have no effect on this case's final result. Hence, Mr. Burns' appeal is purely academic.

As the record indicates, after the jury found Mr. Burns and Mr. McCarroll equally liable for Mr. Burns' damages, it next determined that those damages totaled $10,000. Mr. McCarroll had a right, under 42 Pa.C.S.A. § 7102, to move for the trial court to cut the verdict in half — i.e., to reduce it to $5,000. Section 7102 directs, in relevant part:

> the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff . . . where such negligence was not greater than the causal negligence of the defendant . . . any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S.A. § 7102 (emphasis added). The record shows that the verdict was not diminished. The amended judgment is against Mr. McCarroll for the full $10,000 of damage.[4]

Because the trial court entered an amended judgment for the full award of $10,000, Ms. Huffnagle's testimony and the subsequent jury instruction on comparative negligence had no effect on that final judgment. For all practical

_____

[4] Also, even if the trial court had molded the verdict to reflect Mr. Burns' 50% fault, the alleged errors by the trial court would not entitle Mr. Burns to a new trial. We would, instead, remedy the harm by returning the verdict to the original $10,000, because nothing in Ms. Huffnagle's testimony mentioned (much less impacted) the damages figure. She only testified about Mr. Burns' driving, not the extent of his injuries or financial loss.

purposes, the amended judgment is the same as if the jury had never found Mr. Burns comparatively negligent. Thus, a ruling from this Court in Mr. Burns' favor on either of his appellate issues can have no impact upon the result below.

We dismiss them both as moot; the current judgment awards him full compensation for his injuries.

Amended judgment affirmed.

President Judge Emeritus Bender joins this memorandum.

Judge Musmanno concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/28/2019</u>